IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Criminal No. 3:08-726-03-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| Scott Alexander Knight,<br>    Defendant. | |

This case comes before the court on Defendant's *pro se* Motion to Reduce Sentence pursuant to the First Step Act of 2018. ECF No. 452. The Government filed a Response in Opposition. ECF No. 455. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the Act. ECF No. 451.

As an initial matter, Defendant argues his sentence should be reduced because he is serving a mandatory minimum 240-month sentence, and the mandatory minimum sentence for his conviction of a violation of § 841(b)(1)(A) has been reduced to 15 years by the First Step Act. ECF No. 452. However, that portion of the First Step Act, Section 401, was not made retroactive to prior convictions. It only applies to defendants who have not yet been sentenced. *See* § 401(c) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of the date of enactment*.") (emphasis added). As Defendant has already been sentenced for the violation of § 841(b)(1)(A), he is not eligible for relief under § 401 of the First Step Act.

Neither is Defendant eligible for a reduction under § 404 of the First Step Act, which retroactively applies the Fair Sentencing Act to some convictions for cocaine base. The court has reviewed the above filings as well as the Superseding Indictment (ECF No. 167), Defendant's Plea

Agreement (ECF No. 196), Transcript of Rule 11 hearing (ECF No. 458), and PreSentence Report ("PSR") (ECF No. 451-1) in making this determination.

It was charged in Count 1 of the Superseding Indictment that Defendant:

> knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and to distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, said conspiracy involving 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); All in violation of Title 21, United States Code, Section 846.

ECF No. 167 at 1, 2.

Defendant thereafter entered into a Plea Agreement to plead guilty to Count 1, which provided the following:

> The Defendant agrees to plead guilty to Count 1 of the Superseding Indictment now pending, which charges "Conspiracy to Possess with Intent to Distribute and to Distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base," a violation of Title 21, United States Code, § 846.
>
> In order to sustain its burden of proof, the Government is required to prove the following:
>
> Count 1
>
> (1) The conspiracy described in the Indictment to distribute the charged amount of controlled substances was willfully formed and was existing on or about the alleged time;
> (2) The defendant willfully became a member of the conspiracy; and
> (3) The defendant distributed a quantity of a controlled substance(s) equal to or in excess of the amount charged in Count 1, agreed to assist in the distribution of a quantity of controlled substance(s) equal to or in excess of the amount charged in Count 1, or the distribution of the threshold quantity of controlled substance(s) equal to or in excess of the amount charged in Count 1 was

2

> reasonably foreseeable to the defendant and same was within the scope of the defendant's agreement and understanding.
>
> The penalty for this offense is:
>
> 21 USC 841(a)(1), (b)(1)(A) in a case involving 5 kilograms or more of cocaine and/or 50 grams or more of cocaine base, and one prior felony drug conviction – a minimum term of imprisonment of 20 years and a maximum term of life imprisonment, no probation, no parole, a fine of $8,000,000 and a term of supervised release of at least ten (10) years in addition to any term of imprisonment, plus a special assessment of $100.

ECF No. 196 at 1-2.

At the Rule 11 hearing, the court advised Defendant:

> This is a charge that there was a conspiracy from in or about 2002, up to the date of this indictment, and that you two and others were members of it; that the purpose of the conspiracy was to knowingly, intentionally, and unlawfully possess with intent to distribute and to distribute cocaine and cocaine base -- in this case crack cocaine. That it is alleged that this conspiracy involved five kilos or more of cocaine and 50 grams or more of crack, in violation of the federal drug conspiracy laws.
>
> In order to prove that charge, the government would have to be able to prove three essential elements, and they are set out starting on the first page of your plea agreement. They would have to prove that this conspiracy that is described in the indictment was willfully formed and was existing at or about the times alleged.
>
> That, number two, that you at some point willfully became a member of the conspiracy. And then three, that you either personally distributed a quantity of controlled substances equal to or in excess of the amount charged, or you agreed to assist in the distribution of that quantity and type of controlled substances, or that it was reasonably foreseeable to you and within the scope of your agreement and understanding that this amount would be distributed by the conspiracy.
>
> So, that's what the government would have to prove in order to make out the charge in count 1.
> …
>
> [I]n order for you to plead guilty to this charge you will have to admit to at least . . . five kilograms of cocaine or 50 grams of crack. You don't have to admit to both

cocaine and crack, you only have to admit to one or the other, but it has to be either five kilos of cocaine or 50 grams of crack. You don't have to admit any more than that today. Okay?

Defendant: Even though it says five kilograms – oh, I see where it says "or." Never mind. The 50 grams of crack cocaine, I just wanted to make sure there was a difference there, because I didn't sell anyone any crack.

ECF No. 458 at 30-32.

The Government, through FBI Special Agent Michael Stansbury, summarized the evidence against Defendant, explaining

With regard to Scott Knight, we were making controlled buys. We made three controlled buys of powder cocaine from Scott Knight.

They were tested in the lab. The first deal was just over 120 grams, is the lab weight. The second deal was right at 100 – just over 112 grams, and the third deal was just over 117 grams, all of powder cocaine.
After we were making the controlled buys, we were also obtaining historical information from witnesses. Prior to the indictment, other people in this case, primarily Brian and Jackie Holliday, have given us information also.

But prior to that information, there were approximately nine historical witnesses who had provided information regarding Mr. Knight and his cocaine business. The information that we received was that he was obtaining cocaine from Jackie Holliday -- and as I had mentioned earlier, we were able to show in one of the cars, which he got into in one of the deals, came back to Jackie's girlfriend, or the mother of his children.

We also have pen registers on Mr. Knight's telephone during 2006. We obtained phone records from his phones earlier and were able to connect him with Mr. Jackie Holliday through the phone records. There is evidence to support well over five kilograms of cocaine that Mr. Knight was responsible for distributing.

*Id.* at 32-33.

> Thereafter the court inquired of Defendant as follows:
>
> The court: Let's do it this way. Mr. Knight, do you admit that you were involved in a drug conspiracy with the Hollidays?
> Mr. Knight: Yes, ma'am.
> The court: And do you admit that during the time of your involvement that you were involved in this drug conspiracy with the Hollidays that you personally dealt with at least five kilos of cocaine?
> Mr. Bloom: Your Honor, if it pleases the court, I think his answer would not be specifically with the Hollidays that it would exceed more than five kilograms, but there were others that he was dealing with, including the people in Atlanta. And the indictment – the superseding indictment, as I read it, says both those named in count 1 as well as others.
> The court: Right.
> …
> The court: If you take his activities here plus his activities from Atlanta during this time period of this conspiracy . . . does he admit that he was personally involved in at least five kilos of powder?
> Mr. Bloom: Yes, ma'am.
> The court: Is that correct, Mr. Knight?
> Mr. Knight: Yes, ma'am.
> . . .
> The court: Mr. Knight, how do you wish to plead to count 1 of the superseding indictment, not guilty or guilty?
> Mr. Knight: Guilty.

*Id.* at 37-38.

The PSR described Defendant's involvement in a conspiracy that distributed in excess of 50 grams of crack cocaine and 5 kilograms of cocaine powder in the Columbia area of South Carolina. ECF No. 451-1 at ¶ 38. The PSR, however, did not seek to account for the total amount of cocaine and cocaine base attributable to the conspiracy to which Defendant entered a plea of guilty. Rather, it was aimed at establishing an amount that would determine Defendant's Guideline range within the statutory limits of Count 1, to which Defendant had admitted guilt as to 5 kilograms or more of cocaine.

5

The record reflects Defendant agreed to plead guilty and did plead guilty to conspiracy to distribute five kilograms or more of cocaine and/or 50 grams or more of crack cocaine. He admitted he was "personally involved" with at least five kilograms of cocaine during the conspiracy, but denied selling any crack cocaine. His statutory penalty was not therefore controlled by the 50 grams or more of cocaine base charged in Count 1. Nor was his sentence. Because he admitted guilt to conspiracy to distribute five kilograms or more of cocaine, his statutory penalty was 20 years to life with a § 851 enhancement for a prior conviction, without any consideration of 50 grams or more of cocaine base.

The First Step Act amended penalties for cocaine base, but not cocaine. This was intended to rectify a disparity caused by crack cocaine's effect on sentences prior to 2010. There was no such disparity in this case. For reasons set forth above, Defendant's Motion to Reduce Sentence Under First Step Act (ECF No. 452) is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 30, 2019